Receipt Number 544541

20.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEGGY PAULEY, ZSA ZSA RICHARDSON, and IRENE PLONKA, individually and on behalf of all others similarly situated,

    Plaintiffs,

vs.

AUTOMOBILE CLUB OF MICHIGAN, a Michigan non-profit corporation d/b/a Auto Club Insurance Association and d/b/a AAA, d/b/a Auto Club Group, and d/b/a Auto Club Services; ANN FEDERICI, PLAN ADMINISTRATOR OF THE AUTO CLUB GROUP CASH VALUE PENSION PLAN; and THE AUTO CLUB GROUP, a Michigan non-profit corporation,

    Defendants.

Case: 2:06-cv-12879
Assigned To: Steeh, George Caram
Referral Judge: Whalen, R. Steven
Filed: 06-29-2006 At 10:53 AM
CMP PAULEY VS AUTOMOBILE CLUB, ET AL (LE)

**CLASS ACTION**

---

JOSEPH A. GOLDEN (P14105)
PATRICIA A. STAMLER (P35905)
SOMMERS SCHWARTZ, P.C.
Attorneys for Plaintiffs
2000 Town Center, Suite 900
Southfield, MI 48075
248-355-0300

---

**CLASS ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL**

NOW COME Plaintiffs, by and through their attorneys, SOMMERS SCHWARTZ, P.C., and for their Complaint, state as follows:

1.     Plaintiffs, PEGGY PAULEY, ZSA ZSA RICHARDSON and IRENE PLONKA (collectively "Plaintiffs"), on their own behalf and on behalf of all others similarly situated, bring this action against Defendants, AUTOMOBILE CLUB OF MICHIGAN ("Automobile Club"), a Michigan

LAW OFFICES SOMMERS SCHWARTZ, P.C. • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300
2000 TOWN CENTER

non-profit corporation d/b/a Auto Club Insurance Association, d/b/a AAA, d/b/a Auto Club Group and d/b/a Auto Club Services, ANN FEDERICI (hereinafter "Federici"), PLAN ADMINISTRATOR OF THE AUTO CLUB GROUP CASH VALUE PENSION PLAN ("Plan Administrator"), and THE AUTO CLUB GROUP ("Auto Club Group").

2.	Plaintiffs are current Claims Representatives or Claims Specialists in Casualty Lines and Personal Injury – positions that are not exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA").

3.	Plaintiffs allege on behalf of themselves and all similarly-situated Automobile Club of Michigan employees ("Class") that the Defendant Automobile Club unlawfully classified Plaintiffs as exempt from overtime payments under federal law and failed and refused to pay Plaintiffs and members of the Plaintiff Class overtime pay for overtime worked, notwithstanding that Plaintiffs and members of the Plaintiff Class are not and have not been exempt from overtime pay.

4.	Plaintiffs allege on behalf of themselves and the proposed Plaintiff Class that they are and have been entitled to overtime pay for overtime worked.

5.	Plaintiffs allege on behalf of themselves and the prospective Plaintiff Class that Defendant Automobile Club failed to keep time records as required by law.

6.	Plaintiffs allege on behalf of themselves and on behalf of the prospective Class that Defendants violated provisions of the Employee Retirement Income Security Act ("ERISA") by failing to maintain accurate records and by failing to credit service, particularly overtime service, as required under ERISA.

7.	Defendants' practices as alleged herein violate ERISA, 29 U.S.C. §1001 et. seq., the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et. seq..

8.	Plaintiffs on behalf of themselves and the prospective Class seek injunctive and declaratory relief, compensation and credit for all uncompensated work required, suffered or

permitted by Defendant Automobile Club, liquidated and/or other damages, penalties and interest as permitted by the applicable law, and attorneys' fees and costs.

## PRELIMINARY STATEMENT

9. At all times relevant to this Complaint, Defendant Automobile Club has engaged in and continues to engage in a practice and policy of willfully failing and refusing to pay Plaintiffs and the class they seek to represent overtime compensation due and owing to Plaintiffs and members of the prospective Class in violation of federal law.

10. Defendant Automobile Club has implemented and enforced an unlawful policy and practice of treating Plaintiffs and the class they seek to represent as exempt from its legal obligations under federal law to pay overtime compensation by failing and refusing to pay Plaintiffs and the members of the Class overtime pay for overtime worked, notwithstanding that Plaintiffs and the members of Plaintiff Class are not and have not been exempt and are and have been entitled to payment for overtime pay for overtime worked.

11. Defendant Automobile Club has treated all of its Claims Representatives or Claims Specialists, including, but not limited to, Claims Representatives or Claims Specialists in Casualty, Claims Representatives or Claims Specialists in Homeowners, Claims Representatives or Claims Specialists in First Party and Third Party Benefits, Claims Specialists in Property Damage and Claims Specialists in Personal Injury as exempt from overtime pay requirements and has refused to pay overtime premiums to all such members of the prospective Class, notwithstanding the fact that these Claims Representatives or Claims Specialists are or have been exempt from overtime payment under the Fair Labor Standards Act.

12. Defendants' failure and refusal to keep records of the Plaintiffs' and the Class they seek to represent overtime work has resulted in a failure to comply with ERISA's requirement that

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

3

they maintain records sufficient to determine benefits due or which may become due under the terms of the Defendant Auto Club Group's Cash Value Pension Plan.

13.  Defendants, by their failure and refusal to credit Plaintiffs' and the Class they seek to represent overtime work as "eligible pay" in calculating the Cash Value Pension Plan account value, has resulted in a violation of ERISA's requirement that participants in those Plans receive credit for all hours for which they are entitled to payment by Defendant Automobile Club.

14.  Defendant Automobile Club's practice of treating Plaintiffs and the class they seek to represent as exempt from overtime payment violates the FLSA because Plaintiffs and the Class members are not exempt under any statutory exemption.

15.  Defendant Automobile Club's failure to compensate Plaintiffs and the class they seek to represent at 1½ times the regular hourly rate (hereinafter "overtime compensation") as required by the FLSA for work in excess of 40 hours per week is a violation of the FLSA.

16.  Plaintiff, PEGGY PAULEY, brings this action on her own behalf and on behalf of the Plaintiff Class and the subclass of Claims Representatives Grade 16, which includes all Plaintiff Class members who were employed by Defendant Automobile Club in the State of Michigan within the three years preceding the filing of this Complaint to present.

17.  Plaintiff, ZSA ZSA RICHARDSON, brings this action on her own behalf and on behalf of the Plaintiff Class and the subclass of Claims Representatives Grade 16, which includes all Plaintiff Class members who were employed by Defendant Automobile Club in the State of Michigan within the three years preceding the filing of this Complaint to present.

18.  Plaintiff, IRENE PLONKA, brings this action on her own behalf and on behalf of the Plaintiff Class and the subclass of Claims Specialists Grade 17, which includes all Plaintiff Class members who were employed by Defendant Automobile Club in the State of Michigan within the three years preceding the filing of this Complaint to present.

## JURISDICTION AND VENUE

19. Jurisdiction and venue are proper in the Eastern District of Michigan, Southern Division, as Defendants are licensed to do business and are doing business in Michigan and conduct business in the Eastern District, Southern Division of Michigan. In addition, jurisdiction is proper pursuant to 29 U.S.C. §1001 et. seq. and 29 U.S.C. §201 et. seq. and 28 U.S.C. 1331.

## PARTIES

20. Plaintiff, PEGGY PAULEY, is a resident of Clinton Township, Macomb County, Michigan, and has been employed with Defendant Automobile Club from on or about October 14, 2002 until present. During the course of her employment, she has served as a Claims Representative in Defendant Automobile Club's Homeowners Division. Her office is located in her home and on the road. Plaintiff Pauley has worked hours in excess of 40 hours per week, without receiving overtime compensation as required by federal law. At all times relevant to this Complaint, Plaintiff Pauley was a participant in the Defendant Auto Club Group Cash Value Pension Plan, its Profit Sharing Plan and its disability benefits plan.

21. Plaintiff, ZSA ZSA RICHARDSON, is a resident of Macomb, Macomb County, Michigan, and has been employed with Defendant Automobile Club from on or about March 1990, until present. During the course of her employment, she has served as a Claims Representataive in Defendant Automobile Club's Homeowners Division. Her office is located in her home and on the road. Plaintiff Richardson has worked hours in excess of 40 hours per week, without receiving overtime compensation as required by federal law. At all times relevant to this Complaint, Plaintiff Richardson was a participant in the Defendant Auto Club Group Cash Value Pension Plan, its Profit Sharing Plan and its disability benefits plan.

22. Plaintiff, IRENE PLONKA, is a resident of Macomb, Macomb County, Michigan, and has been employed with Defendant Automobile Club of Michigan from on or about 1971 to present.

During the course of her employment, she has served as clerical staff, a Claims Representative and a Claims Specialist in Defendant Auto Club of Michigan's Casualty Division. Her office is located in Macomb, Michigan. Plaintiff Plonka has worked in excess of 40 hours per week, without receiving overtime compensation as required by federal law. At all times relevant to this Complaint, Plaintiff Plonka was a participant in the Defendant Auto Club Group Cash Value Pension Plan, its Profit Sharing Plan and its disability benefits plan.

23. Defendant, AUTOMOBILE CLUB OF MICHIGAN, is a Michigan non-profit corporation d/b/a Auto Club Insurance Association and d/b/a AAA and is engaged in the insurance business throughout the State of Michigan.

24. The Auto Club Group cash Value Pension Plan, the Profit Sharing Savings Plan and the disability benefits plan are employee pension benefit plans within the meaning of ERISA, §3(2), 29 U.S.C. §1002(2) and employee benefit plans within the meaning of ERISA, §3(3), 29 U.S.C. §1002(3).

25. Defendant, THE AUTO CLUB GROUP, is a Michigan non-profit corporation, and at all times relevant to this Complaint, has been the Plan sponsor of the Auto Club Group Cash Value Pension Plan and the Profit Sharing Plan, the disability benefits plan within the meaning of ERISA, 29 U.S.C. 1002 §3(16)(B), 29 U.S.C. §1002(21)(A).

26. Notwithstanding that the governing instrument of the Pension Plan, the Profit Sharing Plan and the disability benefits plan, each designate a plan administrator as the named fiduciary, as described below, with the power to interpret the plans, to make rules and regulations necessary for the day to day operations of the plans, is solely responsible for interpreting the plans, including determining all questions regarding eligibility and amounts of benefits, at all times relevant to this Complaint, Defendant Auto Club Group, upon information and belief through employees other than the members of the plan administrator, has exercised actual responsibility,

authority and/or control with respect to these functions. In particular, these employees, upon information and belief, other than members of the plan administrator, have exercised actual authority or control over the following pension plan, profit sharing plan and disability benefits plan: determination of employees' hours of service under the terms of the plans; determination of employees' status as participants under the terms of the plans; determination of plan participants' vesting status under the terms of the plans; determination of employees' accrued benefits under the terms of the plans; determination of employees' eligibility for benefits under the terms of the plans; deciding to use the Auto Club Group's or Automobile Club's payroll records to determine hours of service under the terms of the plans; record keeping with regard to hours of service; reviewing hours of service under the plans; preparing agendas for insuring meetings of the committees that constitute the plan administrator of each plan; selecting and obtaining advice from attorneys regarding legal issues arising in the administration of the plans; selecting auditors to carry out ERISA-mandated plan audits; and establishing and carrying out document retention policies for the plans.

27. On information and belief, Defendant Federici, Plan Administrator of the pension plan, profit sharing plan and disability benefits plan granted authority to Auto Club Group to act on its behalf in approving distributions under the terms of the plans, which approvals include determinations as to employees' participation, vesting and benefit accrual under the terms of the plan. By reason of the role of the Auto Club Group in the administration of the pension plan, profit sharing plan and disability benefits plan, on information and belief, the Auto Club Group has exercised actual responsibility, authority and/or control with regard to the management and/or administration of these plans and/or has had discretionary authority or responsibility in the administration of these plans. The Auto Club Group's actual exercise of responsibility, authority

2:06-cv-12879-GCS-RSW   Doc # 1   Filed 06/29/06   Pg 8 of 20   Pg ID 8

and/or control and/or its having discretionary authority or responsibility on information and belief has included but is not limited to the crediting of hours of service under the plans.

28. According to the summary plan description of the Auto Club Group Cash Value Pension Plan, the Auto Club Group board of directors appoints the plan administrator to administer the Cash Value Pension Plan. On information and belief, the current plan administrator is the Senior Vice President of Human Resources, Defendant Federici and at all relevant times has been and continues to be the administrator of the pension plan.

## CLASS ACTION ALLEGATIONS

### A. ERISA CLAIMS

29. Plaintiffs bring the first and second causes of action for relief arising out of violations of ERISA as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(1) and/or (b)(2) as representatives of a proposed class of employees of Defendant Automobile Club throughout the State of Michigan who were or are employed as Claims Representatives or Claims Specialists in Casualty, Claims Specialists in Homeowners, First Party and Third Party Benefits, Property Damage or Personal Injury, at any time within the applicable statute of limitations. All Plaintiffs are members of the proposed class on whose behalf all claims alleging violations of ERISA are brought.

30. The Plaintiff class is so numerous that joinder of all members is impracticable. Plaintiffs, on information and belief, maintain that the class size is approximately 150 individuals. Although the exact number and identities of the proposed class and subclass members are unknown to Plaintiffs at this time, this information is easily ascertainable from Defendants through discovery of its payroll and personnel records.

31. Questions of law and fact common to the proposed Plaintiff class as a whole include, but are not limited to, the following:

8

a. Whether Defendants failed and continue to fail to maintain accurate records of actual time worked by the Plaintiffs and prospective class members;

b. Whether Defendants failed and continue to fail to record or report all actual time worked by the Plaintiffs and prospective class members;

c. Whether Defendants failed and continue to fail to provide accurate wage statements itemizing all actual time worked and wages earned by the Plaintiffs and prospective class members;

d. Whether Defendants violated and continue to violate ERISA §209(a)(1), 29 U.S.C. §1059(a)(1), as alleged herein;

e. Whether the pension plan, profit sharing plan or disability plan have credited Plaintiffs and the prospective class members with all hours for which they were paid or entitled to be paid as required by ERISA; and

f. Whether Defendants have violated ERISA by their failure to credit Plaintiffs and the prospective class with all hours for which they were paid or entitled to be paid.

## B. FLSA CLAIMS

32. Plaintiffs and the class they seek to represent allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendant Automobile Club, as Claims Specialists throughout Michigan, at any time during the applicable statutes of limitations, who have not been compensated at 1 ½ times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

33. Questions of law and fact common to the class as a whole include, but are not limited to, the following:

a. Whether Defendant Automobile Club failed and continues to fail to pay overtime compensation in violation of the FLSA, 29 U.S.C. §201 et. seq.;

b. Whether Plaintiffs and the class they seek to represent are non-exempt from the entitlement to overtime compensation for overtime hours under the overtime pay requirements of the FLSA;

c. Whether Defendant Automobile Club's policies and practices of classifying Plaintiffs and the class they seek to represent as exempt from overtime entitlement under the FLSA in failing to pay overtime to Claims

9

    Representatives or Claims Specialists violate applicable provisions of the FLSA;

 d. Whether Defendant Automobile Club's failure to pay overtime premiums to Plaintiffs and the class they seek to represent was willful within the meaning of the FLSA;

 e. Whether Defendant Automobile Club failed and continues to fail to maintain accurate records of actual time worked by Plaintiffs and they class they seek to represent;

 f. Whether Defendant Automobile Club of Michigan failed and continues to fail to record or report all actual time worked by Plaintiffs and the class they seek to represent;

 g. Whether Defendant Automobile Club failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by Plaintiffs and the class they seek to represent.

34. The claim for violation of the FLSA may be brought and maintained as an "opt-in" class action pursuant to §16(b) of FLSA, 29 U.S.C. §216(b) for all claims asserted by Plaintiffs on behalf of themselves and the class they seek to represent, because the claims of the Plaintiffs are similar to the claims of the members of the prospective class.

35. Plaintiffs and the class they seek to represent are similarly situated, have substantially similar job requirements and pay provisions and are subject to Defendant Automobile Club's common practice, policy or plan of refusing to pay overtime in violation of the FLSA and unlawfully characterizing Plaintiffs and the class they seek to represent as exempt employees.

36. Plaintiffs will fairly and adequately represent and protect the interests of the members of the class and subclasses. Plaintiffs have retained counsel competent and experienced in complex class actions, ERISA, FLSA and labor law, employment law litigation.

37. Class certification of claims alleging violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual class or subclass members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants and/or because adjudications with

respect to individual class or subclass members would, as a practical matter, be dispositive of the interests of non-party class or subclass members.

38. Class certification for claims alleging violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because there are questions of law or fact common to the member of the class which predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39. Plaintiffs know of no difficulty which would be encountered in the management of this litigation precluding its maintenance as a class action.

40. The names and address of the Plaintiff class members are available from Defendant Automobile Club of Michigan. To the extent required by law, notice will be provided to the prospective class members via first class mail and/or by use of techniques in a form of notice that has been used customarily in class actions, subject to court approval.

## COUNT I

### VIOLATION OF ERISA AGAINST DEFENDANT AUTOMOBILE CLUB OF MICHIGAN – FAILURE TO MAINTAIN RECORDS

41. Plaintiffs, on behalf of themselves and prospective class members, allege and incorporate by reference paragraphs 1 through 40 as if fully set forth herein.

42. ERISA §209(a)(1), 29 U.S.C. §1059(a)(1), requires that an employer that sponsors an employee benefit plan maintain records with respect to each of its employees sufficient to determine the benefits due or which may become due to such employees.

43. ERISA §§202, 203 and 204, 29 U.S.C. §§1052, 1053 and 1054 establish the minimum standards regarding participation, vesting and accrual of benefits in employee pension benefit plans. Each of these provisions of ERISA requires that the plans take into account "hours

of service" as that term is defined in the regulations, 29 C.F.R. §2530.200b-2, which defines in pertinent part hours of service as "each hour for which an employee is paid or entitled to payment, for the performance of duties for the employer".

44. While the summary pension plan is silent on the definition of "hour of service", it defines eligible pay, the pay used to calculate the pension account value to include the following: base pay; incentive pay; **overtime**; bonus and shift premium (emphasis added).

45. On information and belief, pursuant to the terms of the pension plan, profit sharing plan and disability benefits plan, employees' rights to attain participant status in that plan, vest non-forfeitable rights in their accrued benefits under the plan, attain eligibility for early retirement benefits and receive early retirement benefits in the full amount of or with lesser reductions in their normal retirement benefits, the value of their profit sharing and the calculation of disability benefits are dependent, in part, on their hours of service.

46. By failing to record and/or report all of the hours worked by its Claims Representatives and Claims Specialists, including the Plaintiffs and the class they seek to represent, the Automobile Club has failed to maintain records with respect to each of its employees sufficient to determine the participation, vesting, and benefit accrual rights of its plan participants in violation of ERISA §209(a)(1).

47. In order to remedy this violation of ERISA by the Automobile Club, Plaintiffs and the class they seek to represent, seek injunctive relief and such other equitable relief as this Court deems just and proper as permitted by §502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

48. Plaintiffs on behalf of themselves and the class they seek to represent seek recovery of their attorney's fees, costs and any other appropriate relief permitted pursuant to ERISA.

## COUNT II

### VIOLATIONS OF ERISA §502(A)(3) AGAINST ALL DEFENDANTS OTHER THAN DEFENDANT AUTOMOBILE CLUB OF MICHIGAN FOR FAILURE TO CREDIT HOURS OF SERVICE REQUIRED BY ERISA

49.  Plaintiffs on behalf of themselves and the class they seek to represent incorporate by reference paragraphs 1 through 48.

50.  ERISA §404(a)(1), 29 U.S.C. §1104(a)(1) requires employee benefit plan fiduciaries to discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries and, among other things: (1) for the exclusive propose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administration; (2) with the care, skill, prudence and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims; and (3) in accordance with the documents and instruments governing the plans.

51.  Upon information and belief, at all relevant times to this Complaint, the governing instrument of the pension plan, the profit sharing plan and the disability benefits plan conferred on Defendant Federici, the Plan Administrator discretionary authority, responsibility and/or control with respect to the crediting of hours of service, thereby rendering Defendant Federici, the Plan Administrator of the pension plan, the profit sharing plan and the disability benefits plan a fiduciary in that regard.

52.  On information and belief, Defendants Auto Club Group and Federici, the Plan Administrator of the pension plan, the profit sharing plan and the disability benefits plan have exercised actual discretionary authority, responsibility and/or control in determining what hours of service would and would not be credited by the pension plan, the profit sharing plan and the

13

disability benefits plan. By reason of the exercise of such discretion, the Auto Club Group and Federici have been fiduciaries of those plans with respect to the crediting of hours of service.

53.   Defendants Auto Club Group and Federici have breached their fiduciary duties by failing to credit as hours of service overtime performed by Claims Representatives and Claims Specialists employed by the Defendant Automobile Club.

54.   Pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), Plaintiffs on behalf of themselves and the class they seek to represent, seek an injunction requiring Defendants to credit all members of the prospective class with hours of service for all of the past and future work performed by those class members.

55.   Plaintiffs on behalf of themselves and the class that they seek to represent, seek recovery of their attorney's fees and costs associated with this action to be paid by Defendants and any other relief that is deemed appropriate to ERISA.

## COUNT III

## FLSA CLAIMS AGAINST DEFENDANT AUTOMOBILE CLUB OF MICHIGAN

56.   Plaintiffs on behalf of themselves and the class they seek to represent allege and incorporate by reference paragraphs 1 through 55.

57.   At all times relevant to this Complaint, the Defendant Automobile Club has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA 29 U.S.C. §203.

58.   On information and belief, at all times relevant to this Complaint, Defendant Automobile Club has employed and continues to employ "employees" including Plaintiffs and the class they seek to represent.

59. On information and belief, at all times relevant to this Complaint, the Automobile Club has had gross operating revenues in excess of $500,000.00, 29 U.S.C. 203(s)(1)(A).

60. Each of the named Plaintiffs consents to sue in this action pursuant to Fair Labor Standards Act.

61. The FLSA requires each covered employer such as Defendant Automobile Club of Michigan to compensate all non-exempt employees at a rate of not less than 1 ½ the regular rate of pay for work performed in excess of forty (40) hours in a work week.

62. Plaintiffs and the class they seek to represent are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA.

63. Plaintiffs and the class they seek to represent are entitled to be paid overtime compensation for all overtime hours worked.

64. At all times relevant to this Complaint, Defendant Automobile Club had a policy and practice of failing and refusing to pay overtime to its Claims Representatives and Claims Specialists for their hours worked in excess of forty (40) hours per week.

65. As a result of Defendant Automobile Club's failure to compensate its Claims Representatives and Claims Specialists, including Plaintiffs and the class they seek to represent, at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, Defendant Automobile Club has violated and continues to violate the FLSA, 29 U.S.C. §§201 et. seq., including 29 U.S.C. §207(a)(1) and §215(a).

66. As a result of the Automobile Club's failure to record, report, credit and/or compensate its claims specialists including Plaintiffs and the class they seek to represent, Defendant Automobile Club has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of

employment in violation of the FLSA, 29 U.S.C. §§201 et. seq., including 29 U.S.C. §211(c) and §215(a).

67. Defendant Automobile Club's conduct as alleged in this count, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

68. Plaintiffs on behalf of themselves and the class that they seek to represent seek damages in the amount of their respective unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. §216(b) and other such legal and equitable relief as the Court deems just and proper.

69. Plaintiffs on behalf of themselves and the class that they seek to represent seek recovery of their attorney's fees and costs associated with this cause as provided by the FLSA, FLSA, 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and the class that they seek to represent pray for the following relief:

A. Certification of this action as a class action on behalf of the proposed class as to the ERISA;

B. Designation of this action as a collective action on behalf of the proposed Plaintiffs pursuant to the Fair Labor Standards Act claims and a prompt issuance of notice pursuant to 29 U.S.C. §216(b), to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b) and equitable tolling of the statute of limitations from the date of filing

this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. §216(b);

C. For the ERISA claims:

1. A declaration that Defendant Automobile Club of Michigan has violated ERISA §209(a), 29 U.S.C. §1129(a);

2. Appropriate equitable and injunctive relief to remedy the Automobile Club of Michigan's violations of ERISA §209(a);

3. A declaration that Defendants other than Automobile Club of Michigan have breached their fiduciary duties by failing to credit the Plaintiffs and all class members with hours of service for all work performed as required by ERISA and the terms of the pension plan;

4. An order requiring that Defendants, other than the Automobile Club of Michigan remedy their breaches of fiduciary duty by crediting all class members with hours of service for all of their past, present and future uncompensated work;

5. Designation of Plaintiffs Pauley, Richardson and Plonka as the class representatives of the ERISA claims;

6. Such other relief as the Court may deem just and proper; and

7. Attorney's fees and costs of suit;

E. For the claims brought under FLSA;

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA 29 U.S.C. §201 et. seq.;

2. An injunction against Defendant Automobile Club of Michigan and its officers, agents, successors, employees, representatives and any and all persons

17

acting in concert with as provided by law from engaging in each of the unlawful practices, policies and patterns set forth herein;

3. An award of damages including liquidated and exemplary damages and waiting time penalties to be paid by Defendant Automobile Club of Michigan;

4. Designation of Plaintiffs Pauley, Richardson and Plonka as the class representatives of the FLSA claims;

5. Attorneys fees and costs; and

6. Any and other relief that this court deems just.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a trial by jury.

SOMMERS SCHWARTZ, P.C.

By: _____
JOSEPH A. GOLDEN (P15405)
PATRICIA A. STAMLER (P35905)
Attorneys for Plaintiffs
2000 Town Center, Suite 900
Southfield, MI 48075
248-355-0300

Dated: June 29, 2006

# CIVIL COVER SHEET

County in which this action arose **Macomb**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PEGGY PAULEY, ZSA ZSA RICHARDSON and IRENE PLONKA, individually and on behalf of all others similarly situated

## DEFENDANTS
AUTOMOBILE CLUB OF MICHIGAN, a Michigan non-profit corporation, et al

(b) County Of Residence Of First Listed Plaintiff **Macomb**
(EXCEPT IN U.S. PLAINTIFF CASES)

County Of Residence Of First Listed Defendant **Wayne**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address And Telephone Number)
Joseph A. Golden (P14105)   Patricia A. Stamler (P35905)
Sommers Schwartz, P.C.
2000 Town Center, Suite 900
Southfield, MI 48075   248-355-0300

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place An "X" In One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

Case: 2:06-cv-12879
Assigned To: Steeh, George Caram
Referral Judge: Whalen, R. Steven
Filed: 06-29-2006 At 10:53 AM
CMP PAULEY VS AUTOMOBILE CLUB, ET AL (LE)

## IV. NATURE OF SUIT (Place An "X" In One Box Only)

**LABOR**: ☒ 710 Fair Labor Standards Act

## V. ORIGIN (Place An "X" In One Box Only)
☒ 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite The US Civil Statute under which you are filing (Do Not Cite Jurisdictional Statues Unless Diversity):
29 U.S.C. §201, et seq
Brief description of cause:
Violation of FLSA – failure to pay overtime

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE: June 29, 2006
SIGNATURE OF ATTORNEY OF RECORD: *Patricia A. Stamler* (signature)

FOR OFFICE USE ONLY
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?     ☐ Yes    ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)     ☐ Yes    ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :